IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMIE WILLIAM SITES,**

       **Petitioner,**

   v.

                                                            **CIVIL ACTION NO. 2:04CV46**
                                                            **CRIMINAL ACTION NO. 2:02CR9**
                                                           **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I. PROCEDURAL HISTORY

On July 6, 2004, the *pro se* petitioner, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On July 22, 2004, the Court ordered the petitioner to provide the Court with information demonstrating that his motion is timely. On August 19, 2004, the petitioner filed a response. On September 16, 2004, the petitioner filed a document titled "Under the Independent Action Doctrine in the Nature of Both Coram Nobis and Audita Querela Under Both Rule 60(b) and 59(e), The All Writs Act of 28 U.S.C. §1651(a)." Then, on January 13, 2005, the petitioner filed a "Motion to Delay Any Discussion on Motion 2255 for 30 days." In his motion, the petitioner requested that the Court delay any discussion on his §2255 motion because his family is hiring an attorney for him. By Order entered on January 21, 2005, the Court granted the petitioner's motion and ordered that the case would be stayed for 30 days from the entry of the Order. The petitioner was advised that after the expiration of the 30 day period, the

case will be ripe for review. The petitioner has not had any further correspondence with this Court.

Thus, this matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

## II. FACTS

The petitioner pled guilty to being a felon in possession of a firearm. On November 4, 2002, the Court sentenced the petitioner to a term of imprisonment of 120 months. The Judgment and Commitment Order was entered on November 7, 2002. The petitioner did not appeal his conviction or sentence.

On July 6, 2004, the petitioner filed a §2255 motion in which he states that his conviction violated the double jeopardy clause because the state charge to which he pled guilty, intent to distribute a controlled substance, and the federal gun charge arose from the same offense. He also asserts that he was provided ineffective assistance of counsel because his attorney misinformed him regarding the length of sentence he would receive. He further asserts that FCI-Cumberland did not commence his federal sentence until March 2, 2004, the date he was released from state custody.

Because it appears the §2255 motion is untimely, by order entered on July 22, 2004, the Court ordered the petitioner to provide information which demonstrates that his motion is timely filed. On August 19, 2004, the petitioner filed a response to the Court's Order. He states his attorney told him that "once he is sentenced by the Federal Court that there was no going back to federal court like in state court to have the sentence reviewed." However, he learned from another inmate in December 2003, that he could challenge his sentence in federal court. He also asserts that he has a claim under Blakely v. Washington, ___ U.S.____, 124 S.Ct. 2531 (2004) because the remaining counts in his indictment were used as relevant conduct. He also asserts that he would have filed his

§2255 motion within the one year period if he had known his federal sentence was going to be run consecutively to his state sentence.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

For purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered his judgment of conviction if the petitioner did not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001).

The date on which the judgment became final is relevant in determining whether the instant §2255 motion is untimely. The Court entered the petitioner's Judgment and Commitment Order on

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

November 7, 2002. The petitioner did not file a direct appeal. Thus, it appears that the petitioner's conviction became final on November 7, 2002, and he had until November 7, 2003, to file a §2255 motion. However, he did not file his motion until July 6, 2004. Thus, the petitioner's §2255 motion is untimely.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

The petitioner has not set forth sufficient grounds to justify equitable tolling. Ignorance of the law and illiteracy does not toll the statute of limitations. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se status and ignorance of the law does not justify equitable tolling); Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000) (ignorance of law and pro se status held insufficient to toll limitations period); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999) (unfamiliarity with the legal process, illiteracy, and lack of representation do not merit equitable tolling). Thus, the petitioner's §2255 motion is untimely.

With regard to the petitioner's Blakely claim, such does not render his petition timely. Subsection 3 of §2255 provides that the one year statute of limitations begins from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Blakely v. Washington, ____ U.S. ____, 124 S.Ct. 2531 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ____, 124 S.Ct. at 2537 (citations omitted).

The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). In Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

The petitioner's conviction became final prior to the issuance of the Blakely and Booker decisions. While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively to collateral review. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States,

5

398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the petitioner's §2255 motion is untimely because Blakely, now Booker do not apply retroactively to the petitioner's sentence.

Lastly, the petitioner filed a document titled "Under the Independent Action Doctrine in the Nature of Both Coram Nobis and Audita Querela Under Both Rule 60(b) and 59(e), The All Writs Act of 28 U.S.C. §1651(a)" in which he raises his Blakely claim. The petitioner asserts that the amount of firearms for which he was held responsible was not alleged in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt.

The §1651 writ may only be issued where an error of the most fundamental character compels such action to achieve justice and where no alternative remedy is available. See United States v. Morgan, 346 U.S. 502 (1954); United States v. Mandel, 862 F.2d 1067,1075 (4th Cir. 1988).

Coram nobis relief is only available when the petitioner is no longer in custody. See,e.g., United States v. Johnson, 237 F.3d 751, 755 (6th Cir.2001); United States v. Dyer, 136 F.3d 417, 422 (5th Cir.1998); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir.2001).

The petitioner is still in custody, thus coram nobis relief is not available to him. Moreover, as previously stated ,Blakley and Booker do not apply retroactively to convictions which were final at the time the decisions were issued.

Therefore, based on the foregoing, the undersigned recommends that the petitioner's §2255 motion and his Petitioner for Coram Nobis be denied.

### III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion and request for coram nobis relief and dismissing the case from the docket.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: June 23, 2005

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE