# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMIE WILLIAM SITES,**

        Petitioner,

v.                                         **CIVIL ACTION NO. 2:04 CV 46**
                                            **CRIMINAL ACTION NO. 2:02 CR 9**
                                                         **(Maxwell)**

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER

On July 6, 2004, *pro se* Petitioner Jamie William Sites filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Thereafter, on September 16, 2004, the Petitioner filed a document entitled "Under the Independent Action Doctrine In The Nature Of Both Coram Nobis And Audita Querela Under Both Rule 60(b) & 59(e), The All Writs Act 28 U.S.C. §1651(a)."

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. § 2255 (Standing Order No. 4).

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued a Report And Recommendation/Opinion on June 23, 2005, wherein he recommended that both the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and his request for coram nobis relief be denied.

In his Report And Recommendation/Opinion, Magistrate Judge Kaull provided

the Petitioner with ten (10) days from the date he was served with a copy of said Report And Recommendation/Opinion in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation/Opinion.

The Court's review of the docket in the above-styled *habeas corpus* action reveals that the Petitioner's Objections to Recommendation was filed on July 7, 2005. In his Objections, the Petitioner does not object to specific findings made by Magistrate Judge Kaull in his Report And Recommendation/Opinion but, rather, reiterates the grounds for relief set forth in his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody Petition and his request for coram nobis relief.

It should also be noted that, in his Objections to Recommendation, the Petitioner advises the Court that on January 18, 2005, his family hired attorney Kevin Mills of Martinsburg to represent him and that the Petitioner had, accordingly, forwarded a copy of Magistrate Judge Kaull's Report And Recommendation/Opinion to Mr. Mills. To date, no notice of appearance in the above-styled *habeas corpus* action has been filed by attorney Kevin Mills or any other attorney. Accordingly, the Court believes that it is appropriate to proceed with resolution of the above-styled *habeas corpus* action.

Upon consideration of the Petitioner's Objections to Recommendation, it appears to the Court that the Petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his Report And Recommendation/Opinion. Moreover, the Court, upon an independent *de novo* consideration of all matters now

before it, is of the opinion that Magistrate Judge Kaull's June 23, 2005, Report And Recommendation/Opinion accurately reflects the law applicable to the facts and circumstances before the Court in this *habeas corpus* action. Accordingly, it is

**ORDERED** that the Report And Recommendation/Opinion entered by United States Magistrate Judge Kaull in the above-styled *habeas corpus* action on June 23, 2005 (Docket No. 46), be, and the same is hereby, **ACCEPTED** in totality, and that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Docket No. 40) be, and the same is hereby, **DENIED**; and that the Petitioner's request for coram nobis relief, as set forth in the document entitled "Under The Independent Action Doctrine In The Nature Of Both Coram Nobis And Audita Querela Under Both Rule 60(b) & 59(e), The All Writs Act 28 U.S.C. § 1651(a)" (Docket No. 43) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is hereby, **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner.

**ENTER:** February  23 , 2006

                                                /S/ Robert E. Maxwell  
                                                  United States District Judge