# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES WILLIAM SITES,**

    **Petitioner,**

v.                                           **Civil Action No. 2:15cv48**
                                            **Criminal Action No. 2:02-cr-9**
                                            **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION ON PETITIONER'S § 2255 MOTION

On July 2, 2015, the *pro se* Petitioner, James William Sites, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Petition"). On July 13, 2015, the Petitioner filed his Petition on the court-approved form. ECF No. 94. On February 4, 2016, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time, and the Respondent was directed to file an answer. ECF No. 135. The Respondent filed a Response in Opposition on March 23, 2016. ECF No. 139. To date, the Petitioner has not filed a Reply. This matter is before the undersigned for a report and recommendation pursuant to LR P.L. P. 2, <u>et</u> <u>seq.</u>

### I. Procedural History

**A. Petitioner's Conviction and Sentence**

On June 10, 2002, the Petitioner pled guilty to Felon in Possession of Firearms, as charged in count one of an indictment returned on April 9, 2002. On November 4, 2002, the Petitioner was sentenced to a period of 120 months incarceration, to be followed by 3 years of supervised release. The Petitioner did not begin to serve his 120 month sentence until March 2, 2004, after he completed

his state sentence. The Petitioner did not appeal his conviction and sentence. On July 6, 2004, the Petitioner filed a motion under 28 U.S.C. 2255 to vacate his sentence, alleging a double jeopardy violation due to similarities between his state conviction and his federal conviction. On February 23, 2006, the Court denied the 2255 motion. ECF No. 50. On June 5, 2006, the Petitioner filed a motion for reconsideration of his 2255 motion. ECF No. 52. The Court deemed this motion to be a successive 2255 Motion, and denied it on July 20, 2006. ECF No. 54. On August 25, 2006, the Petitioner filed a notice of appeal of the denial of his 2255 motion [ECF No. 54], but the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed his appeal. ECF No. 56.

On May 13, 2013, the Petitioner was released from prison and his three-year term of supervised release began. On January 21, 2014, the first Report on Offender Under Supervision was filed with the District Court, alleging the Petitioner's non-compliance with a term of supervision, namely, he tested positive for methamphetamine use. ECF. No. 61. No action was then taken. ECF No. 63. On July 3, 2014, a Second Report on Offender Under Supervision was tendered to the District Court, alleging the Petitioner's failure to comply with the terms of his supervision by again testing positive for methamphetamine use. The Probation Officer requested no action at that time, and none was taken. On February 2, 2015, a Petition for Warrant or Summons for Offender Under Supervision was filed with the District Court, petitioning the Court to issue a warrant for the Petitioner's arrest, alleging his non-compliance with the terms of his supervised release; that he again tested positive for methamphetamine use, on both January 16 and January 30, 2015. ECF No. 64. The Court granted the petition and ordered the Petitioner's arrest. ECF No. 65.

The Petitioner appeared on February 26, 2015, for his initial appearance on the revocation of supervised release before the United States Magistrate Judge in Elkins; the Magistrate Judge

released him on bond following the hearing. ECF No. 71. At his final revocation hearing on May 19, 2015, the Court ordered the Petitioner to serve 8 months of imprisonment, with 24 months of supervision to follow. ECF No. 79.

On July 2, 2015, the Petitioner filed the instant Petition, which seeks relief from the May 20, 2015, supervised release revocation order. On July 23, 2015, the Court ordered that the Petitioner be released pending final determination on the merits of this Petition. ECF No. 96. On September 14, 2015, the District Court granted a new petition to revoke the Petitioner's supervised release for the following reasons:

> Violations 1, 2 and 3: On August 27, 2015, the Petitioner tested positive for amphetamine, methamphetamine and benzodiazepines. He denied the use of any drugs, but on September 2, 2015, the Alere lab confirmed the presence of amphetamines.

ECF No. 100.

On September 21, 2015, the Court granted an amended petition from the United States Probation Office [ECF No. 109] to revoke the Petitioner's supervised release for the following reason in addition to violations 1, 2 and 3 in the September 14, 2015 petition:

> Violation 4: On September 17, 2015, the Petitioner was issued a citation by the Grant County Sheriffs Office for Possession of Methamphetamine, in violation of WV Code 61A-4-401(c).

The amended petition contains a reference to the February 3, 2015, petition as a pending petition.

On November 3, 2015, the Court held a final hearing on the amended petition to revoke the Petitioner's supervised release. The Petitioner admitted to all pending violations, and pursuant to the agreement of the parties, the Court sentenced him to 8 months of incarceration, with credit for time served from May 15, 2015 to July 23, 2015, and from September 17, 2015 to the day of the

hearing, to be followed by 24 months of supervised release. This judgment was entered on November 4, 2015. ECF No. 118.

On December 3, 2015, the Petitioner filed a notice of appeal from the November 4, 2015, judgment. ECF 123. In his brief, the Petitioner's counsel found no meritorious issues. To date, the Fourth Circuit has not issued a ruling.

On March 11, 2016, the Petitioner was released from his 8 months custody, and he began serving 24 months of supervised release.

On April 7, 2016, a Petition for Warrant and or Summons for Offender Under Supervision was filed with the court, petitioning the Court to issue a warrant for the Petitioner's arrest, alleging his noncompliance with the terms of his supervised release. More specifically, the United States Probation Office alleged that the Petitioner failed to report to its office as directed by his Probation Officer. In addition, the Petition alleged the additional non–compliance:

> The defendant failed to abide by these conditions since being placed on supervision in that: 1) On April 6, 2016, the defendant had in his possession crystal methamphetamine (defendant admission and field tested positive), which is in violation of West Virginia State Code 60A-4-401; 2) On April 6, 2016, the defendant had in his possession marijuana (defendant admission and field tested positive), which is in violation of West Virginia State Code 60A-4-401; 3) On April 6, 2016, the defendant had in his possession drug paraphernalia, to-wit: a glass smoking device; 4) on April 6, 2016, the defendant provided a written voluntary admission for the use of methamphetamine on a daily basis over the past 4 days and; 5) On April 6, 2016, the defendant provided a voluntary admission that since being released on or about March 11, 2016, the defendant had committed the offense of Driving While License was Suspended, which is in violation of West Virginia State Code Section 17B-4-3(a).

ECF No. 141.

On April 19, 2016, the undersigned issued an Order of Temporary Detention Pending

4

Hearing Pursuant to the Bail Reform Act. ECF. No. 148. On April 20, 2016, the Federal Public Defender was appointed to represent the Petitioner. ECF No. 150. On April 22, 2016, the Petitioner executed a Waiver of Preliminary Hearing and a Waiver of Detention Hearing. Also on April 22, 2016, an order finding probable cause to hold a final revocation hearing before the district judge and detaining the Petitioner until the final hearing was entered by the undersigned. ECF 155. The Petitioner is currently confined to the Tygart Valley Regional Jail.

## C. Petitioner's Federal Habeas

In his pending Petition, the Petitioner raises the following grounds for relief:(1) he was not allowed to speak at his revocation hearing before sentence was imposed; and (2) his attorney was ineffective because he did not require the government to disclose all the evidence used for purposes of revocation, did not argue for alternative sentencing options or mitigating factors, and did not investigate the case.

For relief, the Petitioner requests that he be re-sentenced after consideration of all the evidence and mitigating factors.

## D. The Respondent's Motion to Dismiss

In response to the Petition, the Respondent argues:

(1) The Petitioner's § 2255 motion is moot, because he has completed his revocation sentence and his interest in the outcome ("resentencing to an alternative sentence") has thus been eliminated;

(2) The Petitioner's § 2255 motion is premature, because there are no extraordinary circumstance to justify § 2255 litigation in this court while the underlying Fourth Circuit Appeal is pending; and

(3) The Petitioner waived his rights under Rule 32.1 of the Federal Rules of Criminal Procedure when he told the district court, "yes, sir," he admitted the supervised release violation and agreed to an 8 month revocation sentence.

## II. Analysis

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

While an incarcerated inmate's challenge to the validity of his incarceration satisfies the "case-or-controversy" requirement, the suit becomes moot upon the inmate's release from prison, unless he can demonstrate some "collateral consequence" that persists beyond the expiration of the sentence and is "likely to be redressed by a favorable judicial decision." Spencer v. Kemma, 523 U.S. 1, 7 (1998). There is a presumption that a wrongful conviction has continuing collateral consequences. Sibron v. New York, 392 U.S. 40 (1968). However, the presumption of collateral consequences does not extend to the revocation of supervised release. United States v. Hardy, 545 F.3d 280, 283-84 (4th Cir. 2008). Therefore, a petitioner who challenges the revocation of his supervised release must demonstrate a concrete, ongoing injury-in-fact, attributable to the revocation. Pittarelli v. United States, No. 7:07cv00136, 2007 WL 1052472, at *1 (W.D. Va. April 5, 2007).

Courts have consistently rejected a number of "collateral consequences" resulting from the revocation of supervised release or parole revocation. See e.g., United States v. Probber, 170 F.3d

345 (2d Cir. 1999) (finding insufficient that probation revocation might adversely affect reputation, be used as character and/or impeachment evidence in future criminal or civil proceedings, be used in support of an upward departure under the United States Sentencing Guidelines, or make future convictions more likely); United States v. Meyers, 200 F.3d 715 (10th Cir. 2000) (finding insufficient the possibility that violation of supervised release might increase criminal history score under the Sentencing Guidelines); Spencer v. Kenna, 523 U.S. 1 (1998) (finding insufficient that revocation might be used to petitioner's detriment in future parole proceeding, that revocation could be used to increase the petitioner's sentence in future sentencing proceedings, or that evidence of parole revocation might be used against him in subsequent proceedings in which he might appear as a witness or defendant).

In summary, the District Court revoked the Petitioner's supervised release on May 19, 2015, and sentenced him to 8 months incarceration followed by 24 months of supervised release. The Petitioner was then remanded and began serving his sentence. The Petitioner filed his pending § 2255 motion while in custody. Therefore, because he was incarcerated when he filed the motion, an Article III case or controversy existed.

However, three weeks after he filed his § 2255 motion, the District Court released the Petitioner ". . . to the same terms and conditions of his previously imposed supervision." ECF No. 96. Thereafter, on September 14, 2015, the District Court granted a petition from the United States Probation Office to revoke the Petitioner's supervised release for new violations. Following a final hearing, the District Court revoked the Petitioner's supervised release, and the Court sentenced the Petitioner to 8 months incarceration, with credit for time served from May 15, 2015, to July 23, 2015, and from September 17, 2015, to the date of the hearing on November 3, 2015, to be followed

7

by 24 months of supervised release.

On March 11, 2016, the Petitioner completed his 8 month prison sentence, and he began serving the 24 months of supervised release. Although the Petitioner is currently in custody pending the outcome of yet another revocation proceeding, it is clear that he has completed the sentence for revocation of supervised release, which is the subject of this § 2255 motion. The Petitioner has asserted no collateral consequences as the result of the revocation, and accordingly, this matter is now moot. Because this matter is now moot, the undersigned has not undertaken any further review of the Petition or the Respondent's alternative theories for denying the Petition.

### III.  Recommendation

For the reasons set forth herein, the undersigned recommends that the Petitioner's § 2255 Petition [Criminal Action No. 2:02cr9, ECF No. 87; Civil Action No. 2:15cv48, ECF No. 1] be **DENIED AND DISMISSED AS MOOT**, and the Petitioner's Motion Requesting Status Report [ECF No. 130] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last know address as reflected on the docket sheet and to counsel of record via electronic means.

DATED: May 16, 2016

*s/ Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE