# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**JAMIE WILLIAM SITES,**

    Petitioner,

**v.**                        **CIVIL ACTION NO. 2:15-CV-48**
                             **CRIMINAL ACTION NO. 2:02-CR-9**
                             **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Michael J. Aloi [Civ. Doc. 8; Crim. Doc. 156], filed May 16, 2016. In that filing, the magistrate judge recommends that this Court deny petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 1; Crim. Doc. 87], filed July 2, 2015.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of the filing of the R&R. Petitioner timely filed his Objections [Crim. Doc. 158] on June 2, 2016. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

## II. Background

### A. Plea, Sentencing, Revocation

On June 10, 2002, Petitioner Sites pled guilty to Felon in Possession of Firearms [Crim. Doc. 24]. On November 4, 2002, petitioner was sentenced to 120 months' incarceration, followed by 3 years' supervised release. Petitioner was serving a state sentence at the time of his plea, and his federal sentence was not to begin until his state sentence finished on March 2, 2004. Petitioner did not appeal his conviction or sentence.

On July 6, 2004, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Crim. Doc. 40] to vacate his sentence, arguing that the sentence was a double jeopardy violation based on the similarities between his state and federal convictions. The Court denied this motion [Crim. Doc. 50]. Petitioner then filed a motion for reconsideration of his § 2255 motion, and the Court denied that motion as well because it was deemed a successive § 2255 motion [Crim. Doc. 53]. Petitioner then filed a notice of appeal for the denial of his § 2255 motion

[Crim. Doc. 54], but the Fourth Circuit dismissed his appeal [Crim. Doc. 56].

On May 13, 2013, petitioner was released from prison and his 3 years of supervised release began. Petitioner violated the terms of his supervision at least four times by testing positive for methamphetamine use. After the first two violations, no action was taken. After given a second and third chance, petitioner still tested positive two more times and the probation officer filed a petition to issue a warrant for petitioner's arrest [Crim. Doc. 64].

On February 26, 2015, petitioner came before the United States Magistrate Judge in Elkins for his initial appearance on the revocation of supervised release hearing. Petitioner was released on bond following the hearing. On May 19, 2015, with the agreement of the defendant, the Court ordered petitioner to serve a sentence of 8 months' incarceration, followed by 24 months of supervised release [Crim. Doc. 79]. On July 2, 2015, petitioner filed the instant § 2255 motion seeking relief from the May 20, 2015, revocation order. On July 23, 2015, the Court ordered petitioner released pending the merits of his petition [Crim. Doc. 96].

While on release, petitioner again violated the terms of his supervised release. On September 14, 2015, the District Court granted an amended petition for revocation of petitioner's release for one additional violation of testing positive for amphetamine, methamphetamine, and benzodiazepines [Crim. Doc. 100]. A week later, the petition was amended to add a fourth violation—petitioner was cited for possession of methamphetamine on September 17, 2015—and the amended petition was granted [Crim. Doc. 109]. On November 3, 2015, at the final hearing regarding the amended petition to revoke petitioner's supervised release, petitioner admitted to all pending

3

violations, and the Court sentenced him to 8 months' imprisonment followed by 24 months' supervised release [Crim. Doc. 118]. Petitioner filed a notice of appeal [Crim. Doc. 123], where petitioner's attorney "found no meritorious issues" [Civ. Doc. 8 at 4; Crim. Doc. 156]. The Fourth Circuit has not issued a ruling.

On March 11, 2016, because he was credited for time served, petitioner was released from his 8 months' incarceration and began serving his 24 months of supervised release. Less than a month later, the United States Probation Office alleged petitioner committed six violations of his supervised release terms: failure to report to probation office; possession of crystal meth; possession of marijuana; possession of drug paraphernalia; admission of daily use of methamphetamine; and driving with a suspended license. Petitioner is currently in the Tygart Valley Regional Jail until his final revocation hearing is held.

### B. The Instant Petition

On July 2, 2015, Sites filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 1; Crim. Doc. 87], which contains four claims for relief. Petitioner's first ground asserts that the District Court did not allow petitioner to speak before he was sentenced at his revocation hearing. Petitioner's second ground is that the Government did not disclose all evidence regarding his revocation. The third ground is that the District Court did not consider petitioner's mitigating factors. The fourth ground is a claim of ineffective assistance of counsel for failing to object, preserve and investigate the issues in grounds one, two, and three. Petitioner's relief requested in his motion is to be re-sentenced, and in his

4

objections, his requested relief is to have his supervised release be reduced from 24 months to 12 months.  The magistrate judge's R&R recommends that the petitioner's § 2255 motion be denied and dismissed because the case and controversy is now moot because petitioner has already completed his sentence.  Petitioner filed his objections to the R&R, arguing that the case is not moot because of consequences of his sentencing and that he had ineffective assistance of counsel [Crim. Doc. 158].  This Court agrees with and adopts Magistrate Judge Aloi's R&R.

**III.     Applicable Law**

Article III of the United States Constitution limits federal jurisdiction to cases and controversies. A case becomes moot when the legal issues "are no longer 'live' or the parties lack a legally cognizable interest in the outcome." **Powell v. McCormack**, 395 U.S. 486, 496 (1969).  If developments occur during the course of a case which renders the Court unable to grant the party's requested relief, the case must be dismissed as moot. **Blanciak v. Allegheny Ludlum Corp.**, 77 F.3d 690, 698-99 (3d Cir. 1996).

While incarcerated, an inmate's challenge to the validity of his incarceration is a live case or controversy, but when he is released from prison the suit becomes moot unless he can demonstrate some "collateral consequence" that is ongoing beyond the expiration of his sentence and is "likely to be redressed by a favorable judicial decision." **Spencer v. Kemna**, 523 U.S. 1, 7 (1998).  There is a presumption that a wrongful conviction has continuing collateral consequences.  **Sibron v. New York**, 392 U.S. 40 (1968).  However, the Fourth Circuit has held that the presumption of collateral consequences does not include revocation of supervised release.  See **United States v. Hardy**, 545 F.3d 280, 284

5

(4th Cir. 2008) ("[C]hallenges to revocations of supervised release have universally concluded that such challenges also become moot when the term of imprisonment for that revocation ends."). Therefore, to challenge the revocation of his supervised release, a petitioner must "demonstrate a concrete, ongoing injury-in-fact, attributable to the revocation." ***Pittarelli v. United States***, No. 7:07cv00136, 2007 WL 1052472, at *1 (W.D. Va. Apr. 5, 2007).

Courts have consistently rejected a number of "collateral consequences" resulting from revocation of supervised release or parole. *See e.g.,* ***Spencer***, 523 U.S. 1 (holding insufficient that revocation might be used to petitioner's detriment in future parole proceeding, revocation could increase petitioner's sentence in future sentencing proceedings, or revocation might be used against him in future proceedings where petitioner may be a witness or defendant); ***United States v. Probber***, 170 F.3d 345 (2d Cir. 1999) (finding insufficient that revocation might adversely affect reputation, be used as a character and/or impeachment evidence in future proceedings, be used to support an upward departure under sentencing guidelines, or make future convictions more likely); ***United States v. Meyers***, 200 F.3d 715, 722 (10th Cir. 2000) (holding insufficient that violation of supervised release might increase criminal history score).

## IV.    Discussion

Petitioner's instant § 2255 motion was filed while petitioner was imprisoned, so at the filing there existed a sufficient Article III case or controversy. However, once he was released after serving his sentence, there was no longer a live controversy unless the petitioner could prove an ongoing injury in-fact. In his objections to the Magistrate Judge's

6

Report and Recommendations, petitioner argues that there is ongoing relief to be granted because he was sentenced to 24 months' supervised release and wishes that to be reduced to 12 months, and he asserts collateral consequences of his prior revocation are ongoing [Crim. Doc. 158].

Petitioner was sentenced—for multiple violations of his supervised release—to 8 months' imprisonment followed by 24 months' supervised release, and claims the collateral consequences of that sentence constitute an ongoing injury. He claims that since he previously had his supervised release revoked, and is once again in jail waiting for another revocation hearing for more violations, that his previous sentence will adversely affect his upcoming sentencing [Crim. Doc. 158 at 3]. He also argues other collateral consequences such as loss of employment, financial problems, family problems, and a negative reputation [Id.].

The type of collateral consequences petitioner has asserted to show that the controversy is ongoing, and not moot, have already been declined as sufficient cases or controversies. The Supreme Court, Fourth Circuit, and other federal appellate courts have held that these collateral consequences do not sufficiently demonstrate a sufficient injury to constitute as an Article III case or controversy. *See **Spencer***, 523 U.S. 1; ***Hardy***, 545 F.3d at 283-84; ***Probber***, 170 F.3d 345; ***Meyers***, 200 F.3d at 722. Therefore, since there is no recognized current injury, petitioner's challenge is moot. Because this matter is moot, the Court has taken no further review of alternate arguments for re-sentencing petitioner for his already completed sentence.

## V. Conclusion

Upon careful review of the record, this Court hereby **ADOPTS** Magistrate Judge Aloi's Report and Recommendation **[Civ. Doc. 8; Crim. Doc. 156]** and the petitioner's Objections **[Crim. Doc. 158]** are hereby **OVERRULED**. As such, Sites' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1; Crim. Doc. 87]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter separate judgment in favor of the United States. Also, the petitioner's Motion for Status Report **[Crim. Doc. 130]** is **DISMISSED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability on the dismissed claims, finding that he has failed to make "a substantial showing of the denial of a constitutional right" on these claims. 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED:** June 15, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE